■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD CUNNINGHAM, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered January 31, 1974, convicting defendant upon his plea of guilty of the crimes of criminally selling a dangerous drug in the fourth degree as a Class D felony and criminal possession of a dangerous drug in the fifth degree, a Class E felony. During the defendant's jury trial, he became aware that the police had monitored certain telephone conversations which he had held immediately prior to the commencement of the trial. Upon learning of such monitoring, the defendant demanded that he be permitted to listen to the electronically recorded conversations. At the time of such demand the admissibility in evidence of the conversations had not yet been determined and the trial court permitted the defendant and his counsel to listen to the recorded conversations out of the jury's presence and prior to any ruling upon the admissibility of such conversations. After listening to the conversations and further consulting with his attorney, the defendant moved to withdraw his plea of not guilty and for the court to accept a plea of guilty to the indictment. Prior to finally accepting the plea of guilty, the court questioned the defendant in regard to any promises as to sentence and it was established that as a result of plea bargaining there had been an agreement as to the maximum sentence which would be imposed upon the plea of guilty. Upon this appeal, the defendant's contentions that he was somehow coerced into entering his plea of guilty as a result of the eavesdropping in regard to his telephone conversations and that he did not understand the nature of the charges against him prior to entering his plea of guilty are completely refuted by the record. The record clearly establishes that no constitutional rights of the defendant were violated in the proceedings whereat he entered his plea of

guilty or when he was sentenced. Judgment affirmed. Herlihy, P. J., Cooke, Sweeney, Kane and Reynolds, JJ., concur.